The opinion of the court was delivered by Drake, Justice.
In this case an application was made by ten or more freeholders, for the laying out of a public road in the township of East Windsor, in „the county of Middlesex, and for the vacating of a certain private road therein described. The uniting of these two several objects in the same application, is one of the reasons filed for the setting aside of this return. And although the just influence which the laying out of one road may often have upon the vacating of another, furnishes a good reason for referring both to the same tribunal, and to simultaneous adjudications; yet, inasmuch as the statue- *124 •directs the applications in the cases of public and private ' roads, to be made by very different applicants, that is to say, in the case of a public road, by ten or more freeholders, and in the case of the vacating of a private road, by any person who shall think it necessary to have it vacated or "altered ; and inasmuch as the several applicants, although •commencing in perfect harmony, may, in the progress of the proceedings, find their interests adverse, and have difficulties not easily to be settled, in regulating those future proceedings, apportioning expenses and otherwise, it is at least •doubtful whether the legislature did not contemplate, and whether good policy does not' require that the applications respecting public and private roads, should be kept entirely •distinct.
But I consider it unnecessary to decide this point, as there are other matters objected to in the proceedings, which have probably grown out of this attempt to unite the appli■cations, and which I consider fatal to the return.
The fourth reason filed is — “ Because it does not appear •by’the application to the Inferior Court "of Common Pleas, •nor by the return of the surveyors,-in what township the *1^4] road to be vacated *lies, nor in what county.” And •the 7th reason is- — “Because notices of the application to ■vacate the private road should have been put up in three of the most public places in the township through which such road runs.; whereas no such notices were set up.” .
The first of these reasons appears to be true, by inspecting the application, and the return of the surveyors; and the .■second may, or maypiot, be true in fact, for the papers are silent on the subject, none of them shewing in what town•ship the private road was situate; and the affidavit of the .setting up of the notices referring, merely to the township where the public road applied for was to be laid out, but saying nothing respecting the private road to be vacated. 'The 4th section of the act, being the first which relates particularly to private roads, requires that “ the applicant and *125 surveyors shall be guided as in the manner before prescribed, except that the signature of the applicant to the advertisement, and to the notice to the surveyors, shall be deemed sufficient.” The terms “ manner before prescribed,” have reference principally to the second section, which, among other things, direcis that notice shall be given by advertisements “ set up at three of the most public places in the-township in which the said road is proposed to be laid out,, vacated or altered.” But, as before stated, there is no suggestion on the face of the application, or advertisements, in what township the road is which is proposed to be vacated. The affidavit of the setting up of the advertisements contains no allusion whatever to the private road; and the return of the surveyors does not give any more satisfactory information where it is to be found. Now, it is important that the township should be named in the application, as it controls the appointment of surveyors. It should be named in the advertisements, that all concerned may know with certainty where the road is proposed to be laid out or vacated. And, for reasons of a similar nature, it should be specified in the return of the surveyors. The judgment of the Court of Common Pleas is conclusive as to the fact of the setting up of the advertisements according to law; but it cannot be so as to the sufficiency of the advertisements themselves. This court will look into the contents of these, and see that they are not too vague to effect their object, that is, to give notice to all concerned of what is intended to be done. It *is well settled that it should appear that the [*1G5-preliminary proceedings necessary to ^ive jurisdiction to persons executing a special authority, have been strictly complied with; State v. Scott, 4 Halst. 107, and authorities there cited. But the contrary appears in this case. The application, advertisements, and return, are all defective. For these reasons, without noticing others filed in this cause, I am of opinion, that the return, and the record thereof,, .should be vacated and set aside.